UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY R. TURNER,

    Plaintiff,

    v.

FITHIAN TAYLOR; et al.,

    Defendants.
                                /

No. C 07-1553 MHP (pr)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

    Anthony Richardo Turner, an inmate at the county jail in Yolo County, commenced this action by filing a pro se civil rights complaint under 42 U.S.C. § 1983. He later filed a petition for writ of habeas corpus in this action. The complaint and habeas petition appear to concern different events/conditions in the jail that he finds objectionable. Normally, an amended complaint supersedes an earlier-filed complaint, see London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint"), but the court is not certain what plaintiff was trying to accomplish by filing a civil rights complaint and then a petition for writ of habeas corpus in the same action. The court will require that Turner file an amended complaint in which he alleges all the claims he wants to assert in this action. That amended complaint must be a complete statement of his claims, and will supersede both the complaint and the habeas petition. The court gives the following guidance to Turner for preparing his amended complaint.

    Although a plaintiff is not required to plead "specific factual details not ascertainable in advance of discovery," Gibson v. United States, 781 F.2d 1334, 1340 (9th Cir. 1986), he

does not state a claim under 42 U.S.C. § 1983 if the allegations in the complaint are mere conclusions, Kennedy v. H & M Landing, Inc., 529 F.2d 987, 989 (9th Cir. 1976). A complaint must contain sufficient allegations to put defendants fairly on notice of the claims against them. McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). A complaint that fails to state the specific acts of the defendant which violated the plaintiff's rights fails to meet the notice requirements of Federal Rule of Civil Procedure 8(a). Hutchinson v. United States, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982). The failure to comply with Rule 8(e), requiring each averment of a pleading to be "simple, concise, and direct," is also a basis for dismissal. McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant").

Turner must state each claim separately in his amended complaint. For each claim, he must allege facts showing his entitlement to relief from the defendants. He should describe what occurred, state the date on which the event occurred, and should identify the constitutional right allegedly violated. He also must identify (in each claim) each and every defendant who he proposes to hold liable on that claim. He should not refer to them as a group (e.g. "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right). Turner is cautioned that there is no respondeat superior liability under Section 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. Liability under Section 1983 arises only upon a showing of personal participation by the defendant. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

The amended complaint must comply with Federal Rule of Civil Procedure 20(a) concerning joinder of claims and defendants. Rule 20(a) provides that all persons "may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence,

or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." This means that a plaintiff cannot assert a grab-bag of unrelated claims against different defendants. In his amended complaint, Turner may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants named therein. Claims that do not satisfy Rule 20(a) must be alleged in separate complaints filed in separate actions.

Finally, if Turner wants to challenge the fact or duration of his confinement, he must do so by filing a petition for writ of habeas corpus, <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973), but not until he exhausts state judicial remedies, <u>Granberry v. Greer</u>, 481 U.S. 129, 134 (1987). Any such petition should <u>not</u> be filed in this action and should <u>not</u> have the case number for this case on it – a new action must be filed and it will be given a new case number.

The amended complaint must be filed no later than **October 19, 2007**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Failure to file the amended complaint by the deadline will result in dismissal of this action.

Plaintiff's motions for stipulation and order to use alternative dispute resolution and for order to show cause why mandamus should not issue are DENIED. (Docket # 5, # 7.)

IT IS SO ORDERED.

Dated: September 20, 2007

_____
Marilyn Hall Patel
United States District Judge

3