IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY TURNER,

        Plaintiff,                No. CIV S-08-1846 KJM P

    vs.

FITHIAN TAYLOR, et al.,

        Defendants.         <u>ORDER</u>

_____/

        Plaintiff is a county jail inmate proceeding pro se. By order filed in the Northern District, petitioner's original pleading was dismissed and he was directed to file an amended action; he has complied.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

/////

1 A claim is legally frivolous when it lacks an arguable basis either in law or in
2 fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-
3 28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
4 indisputably meritless legal theory or where the factual contentions are clearly baseless.
5 Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however
6 inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d
7 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227. A complaint, or portion thereof, should
8 only be dismissed for failure to state a claim upon which relief may be granted if it appears
9 beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would
10 entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (1969).

11 Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
12 plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
13 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell
14 Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007). A complaint must
15 contain more than "a formulaic recitation of the elements of a cause of action;" it must contain
16 factual allegations sufficient "to raise a right to relief above the speculative level." Id. However,
17 "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair
18 notice of what the . . . claim is and the grounds upon which it rests."'" Erickson v. Pardus, 551
19 U.S. 89, 127 S.Ct. 2197 (2007). In reviewing a complaint under this standard, the court must
20 accept as true the allegations of the complaint, id., and construe the pleading in the light most
21 favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

22 Plaintiff uses the California Judicial Council form for a habeas corpus action.
23 However, in the body of the pleading plaintiff complains of the medical care rendered or
24 withheld at Yolo County Jail. While such claims may be the subject of a state habeas petition,
25 plaintiff may pursue them in federal court only in a civil rights action. See Estelle v. McGuire,
26 502 U.S. 62, 67-68 (1991) (habeas action challenges confinement).

1  Plaintiff claims that defendants Zil and Azmenova used force to administer
2  psychiatric medications, which plaintiff believed were prescribed to counter food poisoning.
3  This states a claim under the civil rights act. See Spann v. Roper, 453 F.3d 1007, 1008-09 (8th
4  Cir. 2006).
5  In addition, plaintiff alleges that the defendants refused to transport plaintiff to
6  medical appointments and refused to provide him with prescribed medications and medical
7  equipment. While a prison official may be deliberately indifferent for such acts, there is not
8  enough in plaintiff's complaint to determine whether the appointments and equipment were
9  based on medical necessity and whether the deprivation of the prescribed medication caused
10 plaintiff any harm. See McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled in
11 part on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997)
12 (constitutional claim must be based on failure to respond to serious medical need).
13  Finally, plaintiff alleges he was subjected to excessive force when he was arrested; that
14 the arresting officers seized his property when he was arrested; that he has been fed
15 contaminated food; that he has been discriminated against by jail staff; that he was forcibly
16 injected with some unknown substance; that several jail nurses denied him medication prescribed
17 during an illness he describes as "fatal;" that jail officials moved a violent gang member into
18 plaintiff's cell and the gang member assaulted him; that he has been housed in filthy cells. He
19 has raised these same allegations in Turner v. Yolo County, et al., Civ. No. S-07-1861 FCD EFB
20 P; accordingly, they should not be included in any amended complaint.
21  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
22 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See
23 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms
24 how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless
25 there is some affirmative link or connection between a defendant's actions and the claimed
26 deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to change the designation of this action to reflect that it is a civil rights action filed by a prisoner.

2. The Clerk of the Court is directed to change plaintiff's address to the address noted in Civ. No. S-07-1861.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

4. In the alternative plaintiff may inform the court, within the same thirty day period, that he wished to proceed only against defendants Zil and Azmenova and the court will thereafter make the appropriate orders for service.

/////

5.  The Clerk of Court is directed to send plaintiff a copy of the form complaint for use in filing a prisoner civil rights action under 42 U.S.C. § 1983.

DATED: January 13, 2009.

_____
U.S. MAGISTRATE JUDGE

2
turn1846.14